UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

―――――――――――――――――――――X

MARK A. KULA,

       Plaintiff,

                                                                                                   Civil Action No.:

-against -

ROBERT WILKIE, Secretary,

DEPARTMENT OF VETERANS AFFAIRS,

       Defendant.

―――――――――――――――――――――X

## COMPLAINT

Plaintiff, MARK A. KULA, by his attorneys, MAHON & BERGER, ESQS., 70 Glen Street, Suite 249, Glen Cove, NY 11542, respectfully alleges as follows:

## I. JURISDICTION

1. The jurisdiction of this Court is involved under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et. seq.

2. Plaintiff timely filed his charge with the Equal Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has filed this suit within 90 days after receipt of his right-to-sue letter issued from the EEOC.

## II. PARTIES

3. Plaintiff, MARK A. KULA, ("Plaintiff") is a citizen of the United States and a resident of Plattsmouth, Nebraska.

14. Plaintiff's Ischemic Heart Disease is (and was during the events of this case) a physical impairment under the ADA.
15. The Defendant's decision on July 18, 2013 to not accommodate the Plaintiff in his position as a police officer was made in the line and scope of the employment of the Agency representative who issued the decision with the Defendant.
16. The Agency representative who denied the reasonable accommodation had authority from the Defendant to make the decision described in the paragraph above.
17. In telling the Plaintiff in July 2013 that he would not accommodate Plaintiff, as a police officer, the Agency representative was speaking on behalf of the Defendant.
18. The conclusion of the Defendant that Plaintiff could not perform the duties of a police officer excluded Plaintiff from a class of jobs or a broad range of jobs.
19. Due to the physical limitations caused by Plaintiffs' Ischemic Heart Disease, Plaintiff was substantially limited with respect to the major life activity of work as a police officer and/or he was regarded by Defendant as being substantially limited with respect to that major life activity.
20. Plaintiff worked for the Defendant as a police officer from 2007 to 2013. Police officers are required to have annual physical examinations. Plaintiff had a history of cardiac risk factors and had a cardiac exercise tolerance test at the Defendant's facility in May 2007 as part of a pre-employment physical. This test is not a mandated test by the Agency, but is wholly discretionary. The discretionary cardiac exercise tolerance test requires police officers to perform at a minimum level of 10 "mets" (a value that measures the heart function during rigorous exercise). Plaintiff failed to reach 10 mets on repeated cardiac exercise tolerance tests performed at the Defendant's facility, starting in 2007, when he was first hired, and had an abnormal test that showed ischemia (lack of sufficient blood flow to the heart) with 8.6 mets recorded. He had repeated abnormal tests in 2012 and 2013 reaching 8.6 mets and 7.8 mets, all

showing ischemia at that level of stress. Because the Plaintiff's cardiac status did not meet the requirements for the job of Police Officer, he was unable to continue in that position. He was transferred to a different (non-police officer) job in 2013, Supervisory Security officer. That position does not require the ability to achieve 10 mets on cardiac stress testing.

21. Plaintiff was (and is) disabled and/or regarded by Defendant to be disabled under the ADA.

22. Plaintiff was a qualified individual able to perform the essential functions of the police officer position for which he was qualified.

23. Defendant violated Plaintiff's rights under the ADA by (1) failing to accommodate his disability by not requiring him to participate in the discretionary tolerance test, and/or (2) passing Plaintiff over for available police officer positions because of his disability and/or a disability Defendant regarded Plaintiff as having.

**WHEREFORE**, these premises considered, Plaintiff respectfully requests the following:

1. That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

2. That the Court enter an Order requiring Defendant to make Plaintiff whole by placing Plaintiff in the position he would have occupied in the absence of discrimination, providing backpay with interests, and ordering Defendants to pay liquidated, compensatory, and punitive damages as a jury may assess;

3. That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorneys fees and expenses.

4. Plaintiff requests a trial by jury.

Dated: July 1, 2019

Very truly yours,

Lawrence Berger, Esq.

Mahon & Berger, Esqs.

70 Glen Street, Suite 249

Glen Cove, NY 11542

516.671.2688

lberger@lbfedlaw.com